# FIRST DISTRICT COURT OF APPEAL
## STATE OF FLORIDA

_____

No. 1D2022-1739

_____

ORANGE COUNTY FIRE FIGHTERS
ASSOCIATION, I.A.F.F. LOCAL
2057,

    Appellant,

    v.

ORANGE COUNTY BOARD OF
COUNTY COMMISSIONERS,

    Appellee.

_____


On appeal from the Public Employees Relations Commission.
Donna Poole, Chair.

February 14, 2024

PER CURIAM.

Orange County Fire Fighters Association, I.A.F.F. Local 2057, ("Union"), appeals a final order of the Public Employees Relations Commission ("Commission" or "PERC"), dismissing its unfair labor practice charge against the Orange County Board of County Commissioners ("County"). For the reasons that follow, we reverse.

On July 28, 2021, the County implemented a COVID-19 vaccination requirement, which required new and existing county employees to become vaccinated against COVID-19 (or provide proof of a qualifying exemption). The County gave employees just

over two months to comply. In response, the Union filed an unfair labor practice charge against the County. The Union, which represents over one thousand fire-rescue personnel, alleged that the County's implementation of a COVID-19 vaccination requirement was a mandatory subject of bargaining and that the County violated section 447.501, Florida Statutes, by implementing the policy unilaterally and without notice. The Union requested that the County rescind the requirement, retroactively restore the status quo, and remove adverse consequences that employees suffered because of the policy.

Three months later and during the pendency of the proceeding before PERC, section 112.0441, Florida Statutes, became law. It prohibited COVID-19 vaccination requirements for public employers. That statute provides:

> Notwithstanding any other law to the contrary, an educational institution or governmental entity may not impose a COVID-19 vaccination mandate for any full-time, part-time, or contract employee. Any existing ordinance, rule, or policy imposing such mandate is null and void as of November 18, 2021.

§ 112.0441(2)(a), Fla. Stat. It was enacted with an expiration date of June 1, 2023. The County then moved to dismiss the pending charge, arguing that section 112.0441 rendered it moot.

The hearing officer agreed, found that section 112.0441 mooted the case in controversy, and recommended it be dismissed. The Commission's final order adopted the hearing officer's conclusions and dismissed the charge as moot.

We review an appeal of an administrative agency's interpretation of a statute or rule de novo. Art. V, § 21, Fla. Const. Although section 112.0441 prohibited the County from enforcing its policy between November 18, 2021, and June 1, 2023, the statute is no longer in effect. As a result, section 112.0441 does not prohibit the County from reimposing the requirement or from crafting another. The provision also did nothing to address any unfair labor practices that may have occurred prior to its

2

enactment. The eighteen-month statutory reprieve was insufficient to moot the entire controversy.

REVERSED.

ROBERTS, ROWE, and LONG, JJ., concur.

_____

*__Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.__*

_____

Richard Siwica of Egan, Lev & Siwica, P.A., Orlando, for Appellant.

Michael Mattimore, Wayne L. Helsby, and John W. Keller, IV of Allen Norton & Blue, P.A., Winter Park, for Appellee.